**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Brian David Cloutier,<br><br>Debtor | Chapter 7<br>Case No. 26-10185 |

**ORDER DENYING REQUESTED WAIVER AND DISMISSING CASE**

Brian David Cloutier began this bankruptcy case by filing a voluntary petition. Usually, before beginning a case like this one, a debtor must get a briefing about credit counseling. *See* 11 U.S.C. §§ 109(h), 521(b); Fed. R. Bankr. P. 1007(b)(3), (c)(3). Mr. Cloutier says that, due to being in state prison, he was and is unable to get such a briefing. And he asks the Court to waive the briefing requirement. As explained below, although the Court understands that Mr. Cloutier appears to be unable to get a briefing, his circumstances do not qualify for a waiver. Thus, the Court must deny his request and dismiss this case.

To qualify for the type of waiver that Mr. Cloutier seeks, he would need to show that either "incapacity, disability, or active military duty in a military combat zone" makes him unable to get the briefing. Mr. Cloutier argues that "disability" applies here.[1] To qualify for a disability-based waiver, Mr. Cloutier would need to show that he "is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing," *see* 11 U.S.C. § 109(h)(4).

On his petition and in a "Motion Requesting Permanent Waiver of Credit Counseling Requirement" [Dkt. No. 4], Mr. Cloutier noted that he is in prison and will be there until 2036. In the motion, he added that he is 63 years old. Because such circumstances alone would not

[1] He checked a box to that effect on his petition and reiterated that argument in a supplemental filing discussed below. He does not (and has no apparent basis to) argue that incapacity or military duty could apply here.

necessarily make someone unable to get a briefing about credit counseling, the Court directed Mr. Cloutier to supplement his motion [Dkt. No. 7], which he did [Dkt. No. 16].

In the supplement, Mr. Cloutier indicates that he asked case managers at his prison about options for getting the briefing and that he learned about restrictions generally imposed on prisoners that would prevent him from getting the briefing in person, by phone, and via the internet.[2] Thus, he "asserts that the prison is the physical impairment preventing any briefing" and should be recognized as a qualifying disability.

Other courts have considered a substantially similar argument. And, in doing so, the predominant conclusion has been that "disability" requires limitations in the human body itself and cannot be met solely by outside factors such as incarceration. *E.g.*, In re Hubel, 395 B.R. 823, 825-26 (N.D.N.Y. 2008) (collecting cases and observing that, if incarceration had been intended to count as a "disability," Congress could have expressed that intent more clearly when defining the term). This predominant view is persuasive because, among other reasons, it readily comports with a typical understanding of "disability" and avoids expanding the term beyond that typical understanding without a clear indication from Congress that anything broader was intended.

The Court understands that Mr. Cloutier's seeming inability to comply with the briefing requirement is poised to thwart his immediate desire for a financial fresh start through bankruptcy. But, with incarceration as his only impediment to compliance, he has not shown

[2] For example, he says that a "case manager informed [him] that inmates cannot use the supervised telephone for the duration needed to complete telephone credit counseling" and "that inmates cannot use the internet to view websites, use an email address, enter payment information, or enter personal data, as needed to register for internet credit counseling."

that he qualifies for a disability-based waiver of the briefing requirement. Thus, his request for such a waiver is denied. *See* 11 U.S.C. § 109(h)(4).[3]

Further, because the briefing was required but not completed before Mr. Cloutier began this case, he is not eligible to proceed in this case. *See* 11 U.S.C. § 109(h)(1). Thus, the case must be and is dismissed accordingly. *See* 11 U.S.C. § 707(a).

Dated: October 15, 2026



_________________________
Michael A. Fagone
United States Bankruptcy Judge
District of Maine

[3] Section 109(h)(4) says that a court will determine whether a debtor qualifies for a disability-based waiver "after notice and hearing[.]" That phrase, however, is separately defined so as not to require a hearing in all circumstances. *See* 11 U.S.C. § 102(1). Here, the circumstances do not necessitate a hearing. The Court notified Mr. Cloutier that his original motion lacked sufficient facts and that any supplement would need to detail his "physical impairment" among other things. As indicated, Mr. Cloutier then identified prison as his only physical impairment. Assuming all of Mr. Cloutier's original and supplemental factual allegations to be true, he cannot—as a matter of law (detailed above)—meet the requirements for a disability-based waiver. A hearing on the matter would not change this outcome.